CONCURRING OPINION

CHIEF JUSTICE SAYLOR
I join the majority’s specific holding that sentences violative of Alleyne v. United States, 570 U.S. 99, 133 S. Ct. 2151, 186 L.Ed.2d 314 (2013), are illegal sentences, alleviating the requirement of issue preservation.[1] However, I do not support the majority’s decision to adopt the lead opinion in Commonwealth v. Foster, 609 Pa. 502, 17 A.3d 332 (2011) (plurality), since such expression favored a considerably broader litmus for the illegal-sentence doctrine, and, in this respect, I maintain the concerns that I had voiced in Foster. See id. at 539-41, 17 A.3d at 355-56 (Saylor, J., concurring); accord id. at 525-39, 17 A.3d at 346-54 (Castille, C.J., concurring) (cautioning that the approach of redefining the concept of an illegal sentence to encompass all sentencing claims other than those challenging purely discretionary aspects effectively disapproves decades of existing Superior Court precedent and unduly overrides salutary issue preservation requirements across a broad array of sentencing challenges).
Justice Mundy joins this concurring opinion.

. As the majority notes, this understanding does not apply to cases that have reached the post-conviction stage, since the determination of whether final judgments of sentences are illegal under Alleyne depends upon whether Alleyne is retroactive to cases pending on post-conviction review, see Commonwealth v. Washington, 636 Pa. 301, 306-09, 142 A.3d 810, 814-15 (2016), and this Court has concluded that it is not, see id. at 316, 142 A.3d at 820.